IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

GNC FRANCHISING, INC. )
    Plaintiff, ) Civil Action No. 05-0270
) Judge Gary L. Lancaster
vs. ) Magistrate Judge Lisa P. Lenihan
)
TIM O'BRIEN, DOROTHY O'BRIEN, and )
BISCAYNE NUTRITIONAL SERVICES, )
INC., )
    Defendants. )

## MEMORANDUM ORDER

Plaintiff GNC's Complaint was received by the Clerk of Court on March 1, 2005, and was subsequently referred to United States Magistrate Judge Lisa Lenihan for pretrial proceedings in accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1), and Rules 72.1.3 and 72.1.4 of the Local Rules for Magistrates. Defendants filed an amended Answer and Counterclaim, with this Court's approval, on October 25, 2005

The Magistrate Judge's Report and Recommendation (the "R&R"), filed on June 1, 2006, recommended that GNC's November 4, 2005 Motion to Dismiss the majority of Defendant's counter-claims be treated as follows:

Count II - Negligent Misrepresentation: Plaintiff's Motion to Dismiss that portion of this Count alleging a claim as to information provided by GNC to induce Defendants to expand one franchise to include a "Smoothie Bar" should be denied without prejudice, as this Court should

decline to determine on this abbreviated record the complex and novel question of whether the Pennsylvania Supreme Court would bar Defendants' negligent inducement claim under the "gist of the action" doctrine.

Count III -Breach of the Covenant of Good Faith and Fair Dealing: the Court should deny without prejudice Plaintiff's Motion to Dismiss this Count, as the Court should decline to determine on this abbreviated record the complicated and novel question of whether Pennsylvania law would recognize an independent cause of action by a franchisee against a franchisor for breach of the covenant of good faith and fair dealing.

Count IV - Breach of Fiduciary Duty: as Defendants present no relevant authority for their proposition that GNC owed a fiduciary duty to them and, to the contrary, the imposition of this degree of duty appears inappropriate in the commercial franchise context, the Court should grant Plaintiff's Motion to Dismiss Count IV.

Count VI - Common Law Fraud: as Defendants have failed to allege any reliance as to the remodeling/reset fees, and, moreover, the claim is barred by the gist of the action doctrine, the Court should grant Plaintiff's Motion to Dismiss Count VI.

In addition, the R&R recommended that absent Defendant's amendment of Count I of their Counterclaim (asserting a cause of action for violation of a class action settlement) to allege standing, this Court should dismiss this Count *sua sponte* for lack of standing.

Service was made on all counsel of record. Objections to the R&R were filed by GNC on June 19, 2006, well outside the time prescribed for filing objections. Defendants' Response to the Objections was filed on June 28, 2006.

In its Objection to the R&R as to Defendants' counterclaim of fraudulent/negligent misrepresentation in the inducement, GNC appears to ignore the *social policy* versus *contractual* obligation distinctions of Pennsylvania law, as thoroughly discussed in the R&R. Rather, GNC largely reiterates its assertion that it is entitled to dismissal of Count II because "Defendants have failed to identify any non-contractually imposed duty to provide accurate information . . . ." Plaintiff's Objection to Magistrate Judge's Report and Recommendation at 3.[1] The Court takes a moment to respond because it seems imperative that Plaintiff's apparent misunderstanding of the background rules of business dealings be, again, addressed. As this Court understands Pennsylvania law, it is clear, as indeed it should be, that in every solicitation of business dealings, the soliciting party owes a duty to refrain from carelessness in its generation of information and representations to others for profit, and that this duty exists independent of any enforceable promise to do so. Clearly, the preparation and provision/publication of economic projections to a stranger to induce a contractual relationship encompasses a duty of reasonable care. Plaintiff's apparent suggestion - that the presence of an antecedent relationship with the recipient of its economic information, which relationship does not govern the new business it is trying to conclude, relieves it of any duty of good care under the law - is a novel and socially undesirable view.[2]

---

1. See also id. at 5 ("GNC either owes no duty to Defendants . . . , or any duty owed is created by the contractual duty . . . .").

2. Plaintiff's citation to Bortz v. Noon, 729 A.2d 555, 561 (Pa. 1999) is inapposite for reasons apparent on the face of the decision. Bortz concerned an absence of a duty owed to the particular plaintiff to verify the accuracy of information produced by others and passed along by a real estate broker's agent. In the case *sub judice* it is alleged that Plaintiff solicited Defendants to enter into an additional business relationship and failed to exercise reasonable care in its

(continued...)

3

In its Objection to the R&R as to Defendants' counterclaim for breach of a duty of good faith and fair dealing, GNC takes issue with the R&R's analysis of Witmer v. Exxon Corp., 434 A.2d 1222 (Pa. 1981). In particular, Plaintiff asserts that the R&R "overlooks" Witmer's silence on the "alternative good faith standards that would apply in a non-termination" franchise case. Plaintiff's Objection at 7. Plaintiff concludes that Witmer's "failure to provide" such standard "indicates that the Court did not intend" for any such standard to apply outside the termination context. Here again, GNC appears largely to ignore the language of the R&R. The R&R explains, in detail, that the Court in Witmer distinguished that case from Atlantic Richfield Co. v. Razumic, 390 A.2d 736 (Pa. 1978) (in which it earlier expressly recognized an underlying duty of good faith and fair dealing in a franchise termination context) on two grounds: (1) Witmer involved neither direct nor indirect termination, and (2) even if it had, Witmer contained express contract provisions and *express* obligations of good faith under both those contract provisions and applicable statute. Moreover, Plaintiff's suggestion - that the Witmer Court's failure to include *dicta* defining standards of good faith and fair dealing for non-termination, non-express-contract franchise cases constitutes a determination that no such standards should apply - is fundamentally erroneous. More particularly, GNC fundamentally misapprehends the judicial function. Courts decide issues brought before them by the parties; they do not ordinarily look to anticipate other questions that may arise in a general field of law and to propound rules in advance for such issues. In Witmer, the case before the Court was fully resolved by the

---

2. (...continued)
generation of economic information provided to induce such additional business. Bortz certainly does not stand for the proposition that a generator of business information has no duty to an expected/intended recipient - even apart from an actual or prospective contractual relationship - to exercise due care.

4

observation that a duty of care was expressly provided and it would be highly unusual for a court - as opposed to a legislature or administrative agency - to propound rules for circumstances not present before it.

Accordingly, after review of the pleadings and documents in the case, together with the Report and Recommendation and the parties' pleadings subsequent thereto, the following Order is entered:

AND NOW, this 29th day of ~~July~~ June, 2006:

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Dismiss certain of Defendants' counterclaims is **GRANTED as to Counts IV and VI and DENIED without prejudice as to Counts II and III, as more fully set forth above.**

**IT IS FURTHER ORDERED** that **Count I** of Defendants' Counterclaim is **dismissed**, *sua sponte*, for lack of standing.

**IT IS FURTHER ORDERED** that the Report and Recommendation of Magistrate Judge Lenihan is adopted as the Opinion of the Court.

Gary L. Lancaster
United States District Chief Judge

cc: All counsel of record