IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GNC FRANCHISING, INC. )<br>　　　Plaintiff, )<br>)<br>vs. )<br>)<br>TIM O'BRIEN, DOROTHY O'BRIEN, and )<br>BISCAYNE NUTRITIONAL SERVICES, )<br>INC., )<br>　　　Defendants. ) | Civil Action No. 05-0270<br>Judge Gary L. Lancaster<br>Magistrate Judge Lisa P. Lenihan |

MEMORANDUM ORDER

Plaintiff GNC's Complaint was received by the Clerk of Court on March 1, 2005, and was subsequently referred to United States Magistrate Judge Lisa Lenihan for pretrial proceedings in accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Rules 72.1.3 and 72.1.4 of the Local Rules for Magistrate Judges. Defendants filed an amended Answer and Counterclaim, with this Court's approval, on October 25, 2005.

The Magistrate Judge's Report and Recommendation filed on June 1, 2006, and adopted by this Court thereafter, recommended that GNC's November 4, 2005 Motion to Dismiss the majority of Defendants' counter-claims be granted in significant respect. In November, 2006, GNC moved for summary judgement on the Defendants' remaining claims. The Report and Recommendation (the "R&R") filed on June 1, 2007, recommended that summary judgment be granted with respect to all remaining counter-claims but those for breach of contract and breach

of the implied duty of good faith accruing after January 9, 2002. Service was made on all counsel of record, and Objections to the R& R were filed by GNC on June 16, 2007.

Plaintiff's thirteen (13) page Objections largely reiterate GNC's assertion that it is absolved of liability for any harm to Defendants' franchise operations because it was contractually permitted to operate competing stores outside of a contractually-defined "protected territory." See Objections at 5-8.

Plaintiff ignores Defendants' assertions and evidence, and the R&R's discussions, regarding the crux of the remaining issue - one as to which the franchise agreements are silent - *i.e.*, GNC's alleged "undercutting" of its own franchisees by company-store customer sales of products at prices *lower* than the total costs charged to franchisees for those same products. As noted in the R&R and prior writings, this and similar conduct alleged against GNC has been the subject of significant litigation, including a class action settlement before this Court in October, 2001.

This Court is unpersuaded by Plaintiff's assertions that its contractual right to operate corporate stores encompassed a contractual right to the conduct complained of, and that GNC is therefore entitled to summary judgment. To the contrary, Defendants' allegations raise - for reasons provided in the R&R - material fact questions as to Plaintiff's breach of its franchisee's reasonable expectations under the franchise agreements. See R&R at 8-10. Compare Objections at 3, 8-9 (asserting, incorrectly, that the Report "marks a radical departure from . . . established . . . case law" and "would render written contracts irrelevant" because it would allow an implied

duty of good faith to "overrule . . . the express terms of [a] contract" and prohibit GNC "from opening corporate stores if they had any effect on a franchisee's store").[1]

Accordingly, after review of the pleadings and documents in the case, together with the Report and Recommendation and the Objections thereto, the following Order is entered:

**AND NOW**, this 19th day of July, 2007:

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Summary Judgment is **DENIED** as to counter-claims for breach of contract and breach of an implied duty of good faith after January 9, 2002, and **GRANTED** in all other respects.

**IT IS FURTHER ORDERED** that the June 1, 2007 Report and Recommendation of Magistrate Judge Lenihan is adopted as the Opinion of the Court.

_____
Gary L. Lancaster
United States District Chief Judge

cc: All Counsel of Record

---

1. To the extent Plaintiff also suggests that recognition of this franchisee's claim for breach of an implied duty of good faith would not be an appropriate interpretation of current Pennsylvania and related Federal law, the Court notes the R&R's significant analysis to the contrary. See R&R at n. 6.

3